United States District Court
Southern District of Texas
**ENTERED**
October 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JESUS GARCIA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL NO. 2:16-CV-433 |
| § | |
| SUPREME PRODUCTION SERVICES, § | |
| INC., § | |
| § | |
| Defendant. § | |

# ORDER

The Court is in receipt of Plaintiffs Jesus Garcia ("Garcia") and David Turner, Jr.'s, ("Turner") Complaint against Defendant Supreme Production Services, Inc. ("Supreme"). *See* Compl., Dkt. No. 1. Garcia and Turner are current employees of Supreme. They seek to compel the arbitration of their Fair Labor Standards Act ("FLSA") claims against Supreme, in accordance with the arbitration policy ("Policy") made part of their terms of employment. *Id.* at ¶ 1. Plaintiffs allege that Supreme contravened the Policy when it "sent letters demanding deposition dates for claimants," *id.* at ¶ 24; "proposed that the parties agree to a single mediator and single arbitrator for all current and forth coming [sic] mediations and arbitrations," *id.* at ¶ 25; "opposed the selection of mediators outside of Corpus Christi," *id.* at ¶ 34; "argued that FLSA experience is not necessary," *id.*; and "claimed that only a few mediators could mediate Garcia and Turners' . . . claims." *Id.* Finally, Plaintiffs allege that "Supreme now refuses to participate in the very mediation and arbitration policy it created." *Id.* at ¶ 35.

Garcia and Turner originally pursued their FLSA claims as opt-in plaintiffs in *Kubala v. Supreme Production Services, Inc.*, No. 2:15-cv-00116 (S.D. Tex.). On October 6, 2015, this Court denied Supreme's motion to dismiss Kubala's claim for lack of jurisdiction. Dkt. No. 32 at 8. On November 5, 2015, Supreme filed a Notice of Appeal of the Court's October 6, 2015 order to the Court of Appeals for the Fifth Circuit. Dkt. No. 49. On December 22, 2015, this Court denied Supreme's motion

for clarification and granted in part and denied in part Plaintiffs' motion to lift the stay on the case pending the Fifth Circuit appeal. Dkt. No. 57. On June 9, 2016 and June 14, 2016, this Court denied Supreme's emergency motion to quash subpoenas, Dkt. No. 88; denied Supreme's motion for protective order, Dkt. No. 64; denied Supreme's motion to strike discovery requests served after stay of proceedings, Dkt. No. 72; denied as moot Supreme's motion to strike notices of consent filed after stay of proceedings, Dkt. No. 71; denied without prejudice Plaintiffs' emergency motion for conditional certification, Dkt. No. 31; and granted Supreme's motion to compel Garcia's claims, among those of other plaintiffs, to arbitration. Dkt. No. 93 at 10. Upon agreement of the parties, Turner's claims were dismissed to be pursued in arbitration. Dkt. No. 97 at 1. On June 17, 2016, Supreme filed another Notice of Appeal from the Court's June 9, 2016 and June 14, 2016 rulings to the Court of Appeals for the Fifth Circuit. Dkt. No. 94.

On August 8, 2016, the Court of Appeals for the Fifth Circuit held that the Policy at issue in *Kubala* "is binding and contains a delegation clause transferring the power to decide threshold questions of arbitrability to the arbitrator." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). The Court found, "In addition to various substantive terms, the policy contained a 'delegation clause' stating that any disputes as to the interpretation or applicability of the agreement are to be resolved in the first instance by the arbitrator." *Id.* According to the Court of Appeals, the Policy's delegation clause is the clause that reads: "The arbitrator shall have the sole authority to rule on his/her own jurisdiction, including any challenges or objections with respect to the existence, applicability, scope, enforceability, construction, validity and interpretation of this Policy and any agreement to arbitrate a Covered Dispute." *Id.* at 204.

The Court of Appeals held that this clause is a valid and enforceable delegation clause. *Id.* According to the Court, "[A] valid delegation clause requires the court to refer a claim to arbitration to allow the arbitrator to decide gateway arbitrability issues." *Id.* at 202 (citing *Rent-A-Ctr;, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)). In such cases, the "court's analysis is limited." *Id.* If, after finding

that there is in fact a valid agreement (an issue not contested by Plaintiffs in the instant Motion), the "only question" for the court "is whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Id*. So long as there is a "plausible" argument that the arbitration agreement requires the merits of the claim to be arbitrated, a delegation clause is effective to divest the court of its ordinary power to decide arbitrability. *Id*. at 202 n.1 (citing *Douglas v. Regions Bank*, 757 F.3d 460, 463 (5th Cir. 2014)). Thus, the court should "look only to whether there is a *bona fide* dispute on arbitrability." *Id*. If there is, the claim "must be referred to arbitration for resolution of the arbitrability issue." *Id*. The Court further held: "[W]e do not opine on whether the agreement requires that the merits of Kubala's claim be arbitrated rather than tried in court. The only issue now is who answers that question. It is plainly the right and responsibility only of the arbitrator." *Id.* at 204.

Following the holding of *Kubala*, the Court declines to opine on whether the Policy at issue requires that the merits of Garcia and Turner's instant claims be arbitrated. Rather, given the Policy's language regarding the arbitrator's sole authority to rule on challenges or objections with respect to the construction, validity, and interpretation of the Policy, *see* Compl., Dkt. No. 1, Ex. A at 3, this Court **ORDERS** the parties to confer and identify the authority, if any, the Court has to decide the issues raised in Plaintiffs' complaint, as consistent with the Fifth Circuit opinion in *Kubala*. 830 F.3d at 203–04. The Court **ORDERS** the parties to advise the Court on this matter within seven days following entry of this order. Additionally, this Court **SUSPENDS** the meet and confer requirements of Federal Rule of Civil Procedure 26(f) and related discovery disclosures required by Rule 26(a)(1). *See* Fed. R. Civ. P. 26(f).

SIGNED this 21st day of October, 2016.

Hilda Tagle
Senior United States District Judge